UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:13-CR-262 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| NABIL SAKKAB, | |
| Defendant(s). | |

Presently before the court is defendant Nabil Sakkab's motion for early termination of supervised release. (ECF No. 39). The government filed a non-opposition response to defendant's motion. (ECF No. 41).

On July 29, 2013, pursuant to a plea agreement, defendant pled guilty to receipt and sale of stolen goods. (ECF No. 6). On November 14, 2013, he was sentenced to 24 months in custody and three years of supervised release. (ECF No. 21). Defendant was ordered to pay restitution of $185,250 and a special assessment of $100. (ECF No. 22). Further, defendant was responsible for an in personam criminal forfeiture of $185,250. *Id.*

Defendant's motion states that defendant was released from incarceration and has been on supervised release since November of 2015. (ECF No. 39). Defendant has fulfilled his restitution, forfeiture, and special assessment obligations. *Id.* Defendant's motion also notes that he had no issues while in custody and has not had any meaningful issues with probation while on supervision.[1] *Id.*

---

[1] Defendant's motion cites one misunderstanding with the probation office. (ECF No. 39). Defendant planned to purchase a car for his wife, which he thought had been approved by a probation officer. However, defendant's case was transferred to another probation officer prior to

**James C. Mahan**
**U.S. District Judge**

1    Defendant's motion for early termination of supervision is motivated primarily by his responsibilities as a business owner. *Id.* Defendant opened his own jewelry store upon release from incarceration "that has been very successful." *Id.* Defendant notes that it is sometimes difficult to obtain timely approval to travel to trade shows and exhibits, where he sells his jewelry. *Id.* He moves for the court terminate his supervised release, which is set to expire in November of this year. *Id.*

Per the government's sentencing memorandum, neither the government nor probation opposes the motion. (ECF No. 41).

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervision after one year in the interests of justice. 18 U.S.C. § 3583(e)(1).

Considering the above-mentioned factors, the court finds no reason to continue defendant on supervised release. Defendant has cooperated with probation and abided by the law since his release from custody, and his motion has the support of probation. Based on the standard articulated above, supervised release will be terminated.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant's motion for early termination of supervised release, (ECF No. 39) be, and the same hereby is, GRANTED.

DATED June 4, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

the purchase. Once the parties realized the misunderstanding, the new probation officer retroactively granted defendant permission to purchase the car.